IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
04/17/2012

```
IN RE                          )
                               )
SALVADOR R. SALMERON,          )   CASE NO. 10-38945-H3-13
                               )
        Debtor                 )
```

### MEMORANDUM OPINION

The court heard the "Motion To Vacate Order of Dismissal" (Docket No. 115) filed by Salvador R. Salmeron, Debtor, and has considered the Response filed by the Chapter 13 Trustee (Trustee) (Docket No. 129) and the Objection filed by Reginald and Juana Nelson, Creditors, (Docket Nos. 124 and 126). The court has reviewed, and takes judicial notice of, the docket sheet, entire file, and all pleadings filed in the above captioned matter. The court has considered the evidence and testimony and makes the following findings of fact and conclusions of law. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

The Debtor filed a voluntary chapter 13 case on October 4, 2010, and a plan was confirmed on May 26, 2011. Docket No. 87. The Trustee filed a motion to dismiss the case for failure to make plan payments and at the hearing held on January 12, 2012, an

agreement was reached whereby the Debtor was to file a motion to modify the plan within ten days and make the first payment due under the proposed modification or the Trustee would submit to the court a Certificate of Non-Compliance with a proposed Order of Dismissal.  Docket Nos. 89, 92, 97 and 99.  Although the Debtor filed an Amended Chapter 13 Plan, Plan Summary and Amended Schedules I and J on January 23, 2012, no motion seeking modification of the plan was filed.  Docket Nos. 105 - 107.

On January 27, 2012, the Trustee objected to the modification for Debtor's failure to comply with Bankruptcy Local Rule 3015-1(a)(2) requiring a motion and Debtor's failure to submit a proposed order.  A hearing on the modification was set for March 1, 2012.  Docket No. 108.  On February 9, 2012, the case was dismissed pursuant to the Trustee's Certificate of Non-Compliance.  Docket Nos. 110 and 111.  Thereafter, the Trustee withdrew his objection to the modification and the March 1, 2012 hearing was cancelled.  Docket Nos. 113 and 114.

On March 20, 2012, Debtor filed the instant Motion to Vacate along with a Motion to Modify Chapter 13 Plan, Amended Chapter 13 Plan, Plan Summary, and Amended Schedule J.  Docket Nos. 116 - 119.  The Nelsons oppose reinstatement of the case on the basis that the Motion to Vacate was not timely filed and the dismissal order is a final order.

Debtor's counsel advised the court, and the Trustee

affirmed, that as of April 12, 2012, the Debtor was current with his plan payments under the proposed amended plan. Reginald Nelson testified that Debtor and the Nelsons previously entered into a Settlement Agreement conditioning the automatic stay and that Debtor has failed to abide by the terms of that agreement. Nelson Exhibit No. 3. The court notes that the Nelsons filed an opposition to Debtor's proposed amended plan on this same basis. Docket Nos. 125 and 126. Issues regarding the Settlement Agreement and the Nelsons' treatment under the plan relate to the merits of Debtor's proposed amended plan. The merits of the plan are not currently before the court.

## Conclusions of Law

Bankruptcy Rule 9023, entitled "New Trial; Altering or Amending a Judgment," adopts FRCP 59 and states that a motion for a new trial or to alter or amend a judgment shall be filed no later than fourteen (14) days after entry of judgment. Any motion that draws into question the correctness of the judgment is functionally a motion under Rule 9023, regardless of its nomenclature. Motions to "reconsider," to "vacate" or to "set aside" are motions under Rule 9023. *See Prudential Ins. Co. V. Farley (In re Farley)*, 158 B.R. 48 (E.D. Pa. 1993); *In re Bridge to Life, Inc.*, 330 B.R. 351 (Bankr. E.D.N.Y. 2005); *Pu v. Grubin (In re Food Management Group, LLC)*, 428 B.R. 576 (S.D.N.Y. 2009). Debtor did not timely file its motion to vacate.

Bankruptcy Rule 9024, entitled "Relief From Judgment or Order," adopts FRCP 60 and states, in pertinent part, that on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect. FRCP 60(b)(1). A motion under Rule 60(b) must be made within a reasonable time and under Rule 60(b)(1) no more than a year after entry of the judgment or order or the date of the proceeding. FRCP 60(c)(1). Debtor's counsel of record requested relief from the order of dismissal based upon his own inadvertence and mistake in not filing a motion contemporaneously with Debtor's amended plan. The court finds that Debtor timely requested, and is entitled to, relief from the order of dismissal under Rule 60(b)(1).

Debtor's case has been ongoing since October 4, 2010 and Debtor is current with his plan payments. The dismissal of the case is attributed to the mistake of Debtor's counsel of record. The basis of the Nelsons' opposition to the motion to vacate relates to the merits of Debtor's proposed amended plan. Based upon the above and foregoing, the court reinstates the above captioned bankruptcy proceeding and a separate hearing will be set on the Debtor's Motion to Modify Chapter 13 Plan (Docket No. 116).

Signed at Houston, Texas on April 16, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

4