IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| SALVADOR R. SALMERON, | ) | CASE NO. 10-38945-H3-13 |
| | ) | |
| Debtor | ) | |

MEMORANDUM OPINION

The court heard the "Debtor's Motion To Modify Confirmed Plan" (Docket No. 116) filed by Salvador R. Salmeron, Debtor, and has considered the Objection filed by Reginald and Juana Nelson, Creditors, (Docket Nos. 123, 126). The court has reviewed, and takes judicial notice of, the docket sheet and all pleadings filed in the above captioned matter (including the instant motion, objection by the Nelsons, the Agreed Order at Docket No. 74, the court's Memorandum Opinion at Docket No. 127, and the Claims Register). The court has considered the evidence, testimony and argument of counsel and makes the following findings of fact and conclusions of law. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

The Debtor filed a voluntary chapter 13 case on October 4, 2010. The Nelsons owner-financed Debtor's homestead with a

mortgage securing a $70,000 note at 9.9% interest for 360 months and a balloon note due February 1, 2011.  In the event that the balloon note is not paid, the interest rate increases to 14% on the unpaid balance until the entire amount of principal and interest is paid.  The Nelsons filed an initial proof of claim, dated November 30, 2010, in the amount of $77,264.56, of which $12,805.82 represented arrears.  Claims Register, Proof of Claim No. 8.  Debtor objected to the claim on the basis that the amounts owed for the arrears and principal were inaccurate.  Docket No. 37.  The Nelsons moved to lift the automatic stay.  Docket No. 59.

Prior to plan confirmation, the Debtor and the Nelsons resolved Debtor's objection to the Nelsons' proof of claim and entered into an Agreed Order on the Nelsons' lift stay motion.  Docket No. 74.  Pursuant to the Agreed Order, approved by the court and entered on the docket sheet on May 5, 2011, the parties stipulated that the amount of arrears was $12,294.33, subject to a reduction by any payments made by Debtors that had not yet been properly credited.  The parties also stipulated that the principal balance due was $67,186.32, with interest at the rate of 9.99% until February 1, 2011, at which time it would increase to 14%.  The due date of the balloon note was also extended to April 15, 2015.

The Nelsons amended their proof of claim on May 18, 2011 to reflect that the principal balance due was $67,186.32 of which

$11,629.99 represented the amount of arrears.[1] Debtor filed an amended plan on May 18, 2011, no objections were filed thereto, and it was confirmed on May 26, 2011. Docket Nos. 83 and 87. The confirmed plan has a term of 60 months with monthly payments of $1,103.68 beginning November 2010 until May 2011 and thereafter, $1,279.79 beginning June 2011 until October 2015. As to the Nelsons' claim, the plan provides for pro-rata payments on the pre-petition arrears in the amount of $11,629.99 from month one (November 2010) until month 60 (October 2015), payment of the regular monthly mortgage note at 9.9% interest from November 2010 until January 2011, and payment of the regular monthly mortgage note at 14% interest from February 2011 until April 2015, at which time the balloon note comes due. The estimated percentage distribution to unsecured creditors is 1.5%.

On March 20, 2012, Debtor filed the instant Motion to Modify Chapter 13 Plan, Amended Chapter 13 Plan dated March 16, 2012, Plan Summary, and Amended Schedule J. Docket Nos. 116 - 119. The Nelsons oppose the modification and contend that it unlawfully attempts to rewrite their secured loan. The Nelsons allege that the modification does not accurately reflect the amount of the prepetition arrears owed, fails to provide for the contractual rate

---

[1] The court assumes that the difference in the parties' stipulated amount of arrears in the Agreed Order, $12,294.33, and the Nelsons' amended proof of claim, $11,629.99, was the result of a reduction pursuant to the terms of the Agreed Order which required that the amount of arrears be reduced by any payments made by Debtors that had not yet been properly credited.

of interest of 9.999% or the 14% default rate of interest, and denies them payment of the balloon note. Reginald Nelson testified that Debtor and the Nelsons previously entered into a settlement agreement conditioning the automatic stay and that Debtor has failed to abide by the terms of that agreement. He testified that the amount of arrears changed but no evidence was submitted to substantiate his testimony.

The proposed modification to the plan is to cure plan arrears with the proposed monthly plan payments being changed to $905.49 for the months of November 2010 until March 2012 and to $1,444.82 for the months of April 2012 until October 2015. All other provisions of the plan remain the same, including the treatment of the Nelsons' claim.[2] The Agreed Order extended the due date of the balloon payment until April 15, 2015. At the hearing on the instant modification, counsel for Debtor confirmed that payment of the balloon note is due and owing in April 2015. Further, the confirmed plan and proposed modification provide that the secured claim held by the Nelsons, other than the arrearage claim, will be paid in accordance with the pre-petition contract held by the holder of the secured claim. Docket Nos. 83 and 118,

---

[2] The court notes that the contract rate of interest listed on the Nelsons' initial proof of claim and attached Note is "9.999%" while the Agreed Order on the motion for relief from stay reflects it to be "9.99%" and the amended proof of claim reflects the interest rate to be "14%." The confirmed plan lists "9.9%" interest from November 2010 until January 2011 and "14%" interest from February 2011 until April 2015 on the regular monthly mortgage note. Despite what may appear to be discrepancies, the confirmed plan sets forth the actual monthly payment amounts (including principal, interest and escrow) of $772.70 for November 2010 to January 2011 and $1,003.60 for February 2011 to April 2015. Regardless, the Nelsons did not object to confirmation of the plan.

pages 3, sections 4, 3rd paragraphs.

At the hearing on the instant motion, counsel for the Chapter 13 Trustee announced that Trustee recommends approval of the modification. Counsel for the Trustee also confirmed that the Trustee's records, as of May 30, 2012, reflected that the Debtor was current with his plan payments under the proposed modification.

The Nelsons' objection to the modification is not based upon grounds that the modification renders the plan out of compliance with the requirements for plan confirmation. The objection is based upon the Nelsons' contention that the Debtor has defaulted under the terms of the Agreed Order conditioning the automatic stay.[3]

The court finds that the proposed modification of the plan does not change any aspect of the plan except to increase the monthly payments to cure postpetition mortgage arrears. The court concludes that the instant proposed modification was not filed for a purpose not contemplated by Section 1329(a).

## Conclusions of Law

11 U.S.C. § 1329(a) lists four causes for modification of a Chapter 13 plan after confirmation. The plan may be modified to: 1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; 2) extend or reduce the

---

[3] The issue of whether the terms of the Agreed Order have been complied with is not before the court, including whether Debtor has defaulted under its terms or whether the Nelsons provided adequate notice of default. Nothing in this court's ruling on the plan modification precludes the Nelsons from pursuing whatever rights they might have to enforce the provisions of the Agreed Order.

5

time for such payments; 3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or 4) reduce plan payments to purchase health insurance for the debtor or dependents, subject to certain conditions.

Modification is based on the premise that, during the life of the plan, circumstances may change, and parties should have the ability to modify the plan accordingly. *In re Meza*, 467 F.3d 874 (5th Cir. 2006). The debtor may wish to modify the plan for any of a number of reasons. A debtor may fall behind on postpetition mortgage payments and then seek to modify the plan to provide for a cure of the postpetition default. *See In re Mendoza*, 111 F.3d 1264 (5th Cir. 1997).

A modified plan is subject to the same standards and requirements as the original plan proposed by the debtor and is subject to the same time limitations as the original plan. 11 U.S.C. § 1329(b)(1).

Section 1325(a)(5) of the Bankruptcy Code provides:

(5) with respect to each allowed secured claim provided for by the plan—

    (A) the holder of such claim has accepted the plan;

    (B)(i) the plan provides that—

        (I) the holder of such claim retain the lien securing such claim until the earlier of—

            (aa) the payment of the underlying debt determined under nonbankruptcy law; or

>>(bb) discharge under section 1328; and
>
>>(II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>
>(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
>
>(iii) if—
>
>>(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
>
>>(II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
>(C) the debtor surrenders the property securing such claim to such holder;

11 U.S.C. § 1325(a)(5).

The trustee or a party whose rights are adversely affected by the modification may object to it on grounds that the modification renders the plan out of compliance with the requirements of plan confirmation. However, such parties may not raise issues as to aspects of the plan that have not changed, or issues that could have been raised at the confirmation hearing. The confirmed plan is *res judicata* as to all such issues. *See In re Evora*, 255 B.R. 336 (D. Mass. 2000); *In Re Stage*, 79 B.R. 487 (Bankr. S.D. Cal. 1987).

Based upon the above and foregoing findings of fact and

conclusions of law, the court will enter a conforming Judgment granting the motion to modify and confirming the modified plan.

Signed at Houston, Texas on the 7th day of June, 2012.

*/s/ Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE